# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CASE NO. 21-cr-332 (PLF)** |
| | : | |
| PAUL RUSSELL JOHNSON | : | |
| | : | |
| and | : | |
| | : | |
| STEPHEN CHASE RANDOLPH, | : | |
| | : | |
| Defendants. | : | |

## RESPONSE TO THE COURT'S INQUIRY
## REGARDING APPLICATION OF THE SPEEDY TRIAL ACT

The United States files this memorandum in response to the questions posed by the Court at the last status hearing and related minute entry (dated July 27, 2021) inquiring about the application of the Speedy Trial Act, 18 U.S.C. § 3161, in this proceeding.

### Background

The grand jury charged Paul Russell Johnson and Stephen Chase Randolph with one count of civil disorder, in violation of 18 U.S.C. § 231(a)(3); one count of obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) and (2); one count of assaulting, resisting, or impeding a federal officer using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) & (b) and 2; one count of assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. § 111(a)(1); one count of entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) & (b)(1)(A); one count of disorderly and disruptive conduct with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) & (b)(1)(A); one count of engaging in physical violence with a deadly or dangerous

weapon resulting in serious bodily injury, in violation of 18 U.S.C. § 1752(a)(4), (b)(1)(A), (b)(1)(B), and 2; and two misdemeanor offenses under 40 U.S.C. § 5104(e)(2).  ECF No. 15.

These charges implicate Johnson's and Randolph's conduct at the U.S. Capitol on January 6, 2021.  They were among a crowd of rioters who pushed metal barricades into a line of U.S. Capitol Police Officers, causing one officer to fall backward, hit the stairs behind her, and suffer a concussion.  Their conduct occurred on the same day that a joint session of Congress convened at the U.S. Capitol to certify the votes of the Electoral College for the 2020 Presidential Election.[1]

The Speedy Trial Act requires a criminal defendant's trial to commence within 70 days of his indictment or initial appearance before a judicial officer, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges if that deadline is not met, 18 U.S.C. § 3162(a)(2).  Of primary relevance here, the Act excludes from the 70-day period "[a]ny period of delay resulting from a continuance granted by any judge …, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Johnson and Randolph were arrested on April 13 and 20, 2021, respectively.  ECF No. 5 & 11.  Both are on pretrial release.  Under a district-wide standing order issued by Chief Judge Howell, the Speedy Trial Act period in this proceeding has been tolled under Section 3161(h)(7)(A) due to health and safety concerns occasioned by the COVID-19 pandemic.  *See*

---

[1] The government's opposition to Johnson's motion to modify his conditions of release contains a detailed recitation of his alleged conduct.  Doc. 34, at 2-15.  The government's opposition to Randolph's motion to revoke his detention order provides that same.  Doc. 27, at 3-8.

D.D.C. Standing Order No. 21-47, at 8 (Aug. 25, 2021).  In addition, this Court has issued a

series of rulings that independently tolled this period.  *See* 4/29/21 Minute Entry (excluding

period between April 29 and May 5, 2021); 5/7/21 Minute Entry (same between May 5 and 7,

2021); ECF No. 37 (same between July 27 and September 23, 2021).

      At the last status conference, a dispute emerged regarding a trial date.  The government

requested, with Randolph's consent, a 60-day continuance and further tolling of the Speedy Trial

Act period to permit the government's continued production of voluminous discovery and to

allow the parties to engage in continued plea discussions.  ECF No. 37, at 1.  Johnson opposed

this request and asked this Court to set a trial date.  *Id*.

      This Court granted the continuance, ordered that the Speedy Trial Act period be tolled

through September 23, 2021, and declined to set a trial date.  The Court cited the ends-of-justice

provision in Section 3161(h)(7)(A) and "conclude[d] that it [was] in the interests of justice as to

both defendants to exclude a period of approximately 60 days."  ECF No. 37, at 2.  The Court

further cited Section 3161(h)(6), which excludes "[a] reasonable period of delay when the

defendant is joined for trial with a codefendant as to whom the time for trial has not run and no

motion for severance has been granted."  *Id*.  Under that provision, the Court explained, "each

defendant's speedy-trial clock is synchronized with the clock of the defendant with the most time

remaining."  *Id*. at 3 (quoting *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013)

(internal quotation marks omitted)).  The Court accordingly observed that "an exclusion

applicable to one defendant applies to all codefendants."   *Id*. (quoting *United States v. Saro*, 24

F.3d 283, 292 (D.C. Cir. 1994)).

      During the hearing, the Court posited that if counsel for Johnson "doesn't think it would

benefit the defendant [to have access to all of the discovery], and he wants to go to trial, he can

say, I am willing to go to trial without all of the discovery or I suppose he can say, I am willing

to go to trial without all of the *Brady* material[,] too, if you haven't reviewed everything.  I

would require him and his client to make that affirmative representation on the record.  Not

today because it is a very serious waiver.  If you want to waive your right to exculpatory

material, that's serious business."  7/27/21 Hrg. Tr. 53.  The Court further asked the government

to either file something or come prepared with a discussion of what the Speedy Trial Act states

about tolling in a co-defendant case when one defendant objects and is willing to go forward

with less-than-complete discovery.  *Id.* at 55.[2]

The Court's minute entry separately instructed the government to "file or come prepared

to discuss (at the next status conference) case law regarding the tolling of speedy trial when there

is an objection in a co-defendant case."  7/27/21 Minute Entry.

## Discussion

Three considerations support tolling of the Speedy Trial Act period in this proceeding

notwithstanding Johnson's previous objection and request for a trial date.

First, the Speedy Trial Act excludes "[a] reasonable period of delay when the defendant

is joined for trial with a codefendant as to whom the time for trial has not run and no motion for

severance has been granted."  18 U.S.C. § 3161(h)(6).  As this Court previously noted, this

provision means that "an exclusion applicable to one defendant applies to all codefendants."

*United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980); *see also United States v. Van*

---

[2] Notably, Johnson did not agree that he would be willing to waive his right to either discovery or exculpatory materials at the hearing, assuming such waivers were available.  To the contrary, he expressly demanded all material that is "arguably favorable" to him on the issues of guilt and punishment in a discovery letter dated September 10, 2021. Further, although Johnson suggested he would file a motion to sever by September 23, 2021, no such motion has been filed as of the time of the instant filing addressing the Court's questions.

*Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008) ("The Act also excludes delay caused by a co-defendant's pretrial proceedings."); *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013) ("As long as he is joined to his co-Defendants, reasonable exclusions of time for the others . . .will likewise delay Speight's speedy-trial clock.").

Johnson is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been filed, much less granted.  At the last status conference, Randolph consented to a 60-day continuance and attendant tolling of the Speedy Trial Act period to permit further discovery and to continue plea negotiations with the government.  *See* 7/27/21 Hrg. Tr. 49.  The Court agreed that this continuance was reasonable in that it satisfied the ends-of-justice provision in Section 3161(h)(7)(A).  Accordingly, as the Court recognized, this ruling automatically tolled the Speedy Trial Act period with respect to Johnson under Section 3161(h)(6).

Second, several district-wide standing orders entered by Chief Judge Howell have tolled the Speedy Trial Act period in pending criminal cases due to the COVID-19 pandemic—with the most recent order tolling the period through October 31, 2021.  *See* D.D.C. Standing Order No. 21-47, at 8 (Aug. 25, 2021).  In those orders, Chief Judge Howell explained that health and safety protocols restricted the Court's ability to conduct jury selection and trials, and that the Court would prioritize trials involving defendants who—unlike Johnson and Randolph—have been detained.  *Id*. at 7.  The chief judge accordingly found that a time exclusion was warranted under the ends-of-justice provision to protect public health, safety, and a defendant's fair trial rights.  *Id*.  Consistent with that standing order, the Speedy Trial Act period in this case remains tolled through October 31, 2021.

The final Speedy Trial Act consideration implicates the government's ongoing efforts to process and produce information collected in its still-ongoing Capitol Breach investigation. Under Federal Rule of Criminal Procedure 16, the government "must"—"[u]pon a defendant's request"— "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and … the item is material to preparing the defense."  Fed. R. Crim. P. 16(a)(1)(E).  Consistent with the Jencks Act, the government must also—"on motion of the defendant"—"produce any statement … of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified" at trial.  18 U.S.C. § 3500(b).  Finally, as mandated by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government has an obligation to disclose materially exculpatory or impeachment evidence in time for its effective use at trial.

The scope and extent of the information at issue, the government's discovery plan for processing and producing such information, and its diligent efforts to implement that plan, are discussed in previously filed discovery memoranda (ECF Nos. 40, 40-1, 40-2), incorporated herein by reference.  As noted above, the Court has previously granted the government's request for ends-of-justice continuances based on the voluminous discovery challenge of the Capitol Riot investigation.  As noted in our most recent discovery status memoranda, we continue to exercise diligence to implement our discovery plan and need additional time to continue to do so.

If Johnson renews his request for an immediate trial date, the Court should ask him to articulate a position with respect to the government's discovery plan – though at this juncture, an ends-of-justice continuance would be warranted regardless of his position:  If Johnson intends to make Rule 16 discovery or *Brady* requests that implicate the full body of Capitol Breach

materials in the government's possession, this Court should grant a further ends-of-justice continuance to permit the government's completion of its discovery plan, including populating its Relativity and evidence.com databases, and making productions to the defense's equivalent databases.  If Johnson intends to forego his right to further discovery materials and potential *Brady* information, additional Speedy Trial Act continuances based on discovery-production needs would be unwarranted as to him, but tolling would still be appropriate in view of Chief Judge Howell's most recent Standing Order and the application of 18 U.S.C. § 3161(h)(6).

If Johnson articulates the latter position, and if the COVID and co-defendant tolling considerations articulated above abate at some point in the future, the Court could—consistent with the Speedy Trial Act—set a trial date.  The government nonetheless requests an opportunity for further briefing and a hearing before the Court takes such action.  As the Court has previously observed, any such defense request for a trial before completion of discovery would be "serious business."  7/27/21 Tr. 53.  The government would want to develop a full record documenting its ongoing efforts to comply with its discovery obligations and applicable law, including the potential consequences of a failure to provide *Brady* information.  It would further request an opportunity to provide recommendations regarding the colloquy this Court has already stated would be required with Johnson and his attorney.  These steps would be necessary to protect individual prosecutors from any future allegation that they violated their discovery obligations

7

and to answer any future claim that defense counsel performed ineffectively in proceeding to

trial rather than awaiting the government's processing and review of its Capitol Breach materials.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

*/s/ Hava Mirell*
HAVA MIRELL
Assistant United States Attorney
CA Bar No. 311098
United States Attorney's Office, Detailee
555 Fourth Street, N.W.
Washington, DC 20530
(213) 894-0717
Hava.Mirell@usdoj.gov

ROBERT JUMAN
Assistant United States Attorney
NJ Bar No. 033201993
United States Attorney's Office, Detailee
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (786) 514-9990
Robert.Juman@usdoj.gov

EMILY A. MILLER
Capitol Breach Discovery Coordinator
D.C. Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988

**<u>Certificate of Service</u>**

I hereby certify that on September 23, 2021, I caused a copy of the foregoing memorandum

to be served on counsel of record via electronic filing.

*/s/ Hava Mirell*
HAVA MIRELL
Assistant United States Attorney