UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-332-PLF-1 |
| | : | |
| PAUL RUSSELL JOHNSON | : | |
| | : | |
| and | : | |
| | : | |
| STEPHEN CHASE RANDOLPH, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO CONVERT THE DECEMBER 14, 2021 HEARING FOR DEFENDANT PAUL RUSSELL JOHNSON'S MOTION TO SUPPRESS TO A STATUS CONFERENCE**

The United States hereby files this Motion to Convert the December 14, 2021 Motion Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference.

On November 19, 2021, the defendant filed, under seal, a Motion to Suppress Electronic Evidence Or, in the Alternative, to Appoint a Special Master (hereinafter, the "Motion to Suppress"). ECF No. 57. To date, the Motion to Suppress remains sealed. On December 3, 2021, the Government filed its opposition to the Motion to Suppress. ECF No. 63. The defendant's reply is due December 10, 2021, and a motion hearing is scheduled for December 14, 2021 at 3:00 p.m. *See* ECF No. 53.

On December 7, 2021, Johnson served twelve subpoenas on the Federal Bureau of Investigation ("FBI"). The subpoenas seek the oral testimony at the upcoming December 14 hearing of twelve individuals employed by FBI's Norfolk Division who were present for and/or participated in the search of the defendant's residence on April 13, 2021.

On December 8, 2021, the United States Attorney's Office for the District of Columbia ("USAO") sent defense counsel a letter pursuant to the Department of Justice's ("Department") *Touhy* regulations, 28 C.F.R. Part 16, Subpart P, which governs the disclosure of official information in federal and state proceedings. *See generally United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The letter explains the Department's *Touhy* regulations, which place certain requirements on persons seeking oral testimony from Department witnesses in cases in which the United States is a party. Specifically, 28 C.F.R. § 16.23(c) provides that "[i[f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." The letter requests that the defendant provide the summary required by the Department's *Touhy* regulations to the USAO so that the USAO can assess the defendant's subpoenas and so that the FBI can evaluate any concerns or objections the FBI may have to the subpoenas. The Government is awaiting the defendant's response to the information required by 28 C.F.R. § 16.23(c). Defense counsel anticipates sending his response by today.

Even assuming the defendant timely responds to the USAO's *Touhy* request, the Government anticipates filing a motion to quash the subpoenas as unreasonable and oppressive because the defendant is not entitled to an evidentiary hearing for his Motion to Suppress. It is well established that a suppression hearing is "only required where the question of whether to suppress evidence hinges on the resolution of a disputed material fact." *See United States v. Harris*, Criminal Action No. 19-358 (RC), 2021 WL 1167263, at *4 (D.D.C. Mar. 26, 2021); *see also United States v. Law*, 528 F.3d 888, 903-04 (D.C. Cir. 2008) ("A defendant is entitled to an evidentiary hearing on his motion to suppress 'only upon factual allegations which, if established,

would warrant relief.'" (quoting *United States v. Thornton*, 454 F.2d 957, 967 n.65 (D.C. Cir. 1971))). Here, the defendant has failed to proffer a factual basis sufficient to necessitate an evidentiary hearing for his Motion to Suppress. The testimony of law enforcement officials who participated in the search of the defendant's home is not relevant where, as here, there is no factual dispute about what was seized, how, when, or by whom.

On December 6, 2021, undersigned counsel attempted to inquire of defense counsel what, if any, material facts he believes are in dispute, and why any of the subpoenaed officers' testimony would be relevant to the resolution of the Motion to Suppress. Defense counsel claimed that his brief sets forth the contested material facts, but declined to provide any further information, claiming that his reasoning for what material facts are in dispute, or why the officers' testimony bears on the resolution of the legal issues raised in the Motion to Suppress, constitutes attorney work product.

On December 8, 2021, defense counsel requested that the government make the twelve witnesses whom he has subpoenaed available on December 9, 10, and 13 for a 15-minute meeting so that he can better determine whether he needs to call the agents for the suppression hearing.

The Government is requesting that this Court put an end to the defendant's fishing expedition. Accordingly, the Government hereby moves this Court to convert the motion hearing scheduled for Tuesday, December 14, at 3:00 p.m. to a status conference, in order to determine whether the defendant is entitled to an evidentiary hearing on his Motion to Suppress. The government will be prepared to argue the legal issues raised by the defendant's Motion to Suppress at the December 14, 2021 hearing, even if it is designated as a "status conference."

Counsel for defendant Johnson opposes converting the December 14 hearing to a status conference. He would not, however, oppose a short continuance of the hearing to January 2022 if

the Government would agree to make available, and disclose all *Giglio* evidence for, every witness whom he intends to call. The Government is aware of, and will comply, with its *Brady* and *Giglio* obligations. The Government is also discussing with defense counsel whether federal law requires the Government to disclose impeachment evidence of a witness who is called by the defense, whether or not that witness testifies as a hostile witness.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

    */s/ Hava Mirell*
    HAVA MIRELL
    Assistant United States Attorney, Detailee
    CA Bar No. 311098
    555 Fourth Street, N.W.
    Washington, DC 20530
    (213) 894-0717
    Hava.Mirell@usdoj.gov

**Certificate of Service**

I hereby certify that on December 9, 2021, I caused a copy of the foregoing memorandum to be served on counsel of record via electronic filing.

/s/ *Hava Mirell*
HAVA MIRELL
Assistant United States Attorney