UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Case No. 21-cr-332-PLF-1 |
| PAUL RUSSELL JOHNSON, *et al.,* : | |
| Defendants. : | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO CONVERT THE DECEMBER 14, 2021 HEARING FOR DEFENDANT PAUL RUSSELL JOHNSON'S MOTION TO SUPPRESS TO A STATUS CONFERENCE**

On December 9, 2021, the government filed a Motion to Convert the December 14, 2021 Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference (ECF No. 64) ("Gov't. Motion"). This Court issued a Minute Order directing the defense to respond to the Gov't. Motion by 3:00 p.m. today. Additionally, the defense will file its Reply to the Government's Opposition to Defendant's Motion to Suppress Electronic Evidence or, in the Alternative, to Appoint a Special Master (ECF No. 63) ("Gov't. Opp'n.") today as ordered by the Court on November 12, 2021. (ECF No. 53).

The defense gave notice as early as November 24, 2021 that it would be subpoenaing special agents with the Federal Bureau of Investigation ("FBI") to testify at the suppression hearing. On December 1, 2021, the defense provided twelve[1] subpoenas to the government, asked whether it would accept service of the subpoenas, and reasonably indicated that it would like to reduce the number of subpoenas. On December 6, 2021, the government indicated that it would not accept service of the subpoenas, provided the address for the FBI, and requested a *Touhy* letter.

---

[1] There were at least 23 FBI law enforcement officers that raided Mr. Johnson, Person-1, and their three children on April 13, 2021 when the government executed the Search Warrant at issue in this litigation. The defense reduced the number of witnesses down to 12 based on a review of the discovery and its own investigation of the search scene.

On December 7, the defense served the FBI with the subpoenas.[2] On December 8, 2021, the defense spoke with the Acting Chief of the Civil Division for the U.S. Attorney's Office ("USAO") in Washington, DC regarding the subpoenas. On December 9, 2021, in its consistent effort to be reasonable with the government, the defense provided the USAO with its *Touhy* Letter, despite the defense's position that *Touhy* does not apply in this case.

The government implicitly knew about subpoenas for witnesses for the suppression hearing on at least November 12, 2021 when the Court issued its Scheduling Order (ECF No. 53). The government explicitly knew about the subpoenas for witnesses for the suppression hearing on November 24, 2021, when the defense e-mailed the government. Instead of acting on this implicit and explicit knowledge by filing something in late November or early December, the government is yet again delaying Mr. Johnson's constitutional right to challenge the incredibly damaging accusations against him with its December-9-filed Motion.

Recognizing the practical difficulties of obtaining testimony from 12 FBI agents and attempting to be reasonable, the defense's *Touhy* Letter suggests the solution of having only six federal agents testify, as long as they can provide a full description of the April 13, 2021 execution of the Search Warrant. *See* Exhibit 1 at 1. *(Touhy* Letter*).* The government has not responded to this proposed solution. On December 8, 2021, the defense asked to interview the FBI special agents prior to the suppression hearing again to limit the number of FBI special agents needed. The government refused.

---

[2] Also, on December 7, 2021, the defense asked the government whether it would immunize Person-1, so that she could testify at the suppression hearing as a witness along with the FBI special agents, given the Fifth Amendment issues for Person-1. The government refused. As the Court knows, in the D.C. Circuit, there is no "judicial immunity" that would allow Person-1 to testify. *See United States v. Moore*, 651 F.3d 30, 82 (D.C. Cir. 2011). As a result, Mr. Johnson's ability to challenge the Search Warrant is further compromised by not having Person-1 as a witness at the suppression hearing.

The government is correct that a suppression hearing is "only required where the question of whether to suppress evidence hinges on the resolution of a disputed material fact." *United States v. Harris*, 2021 WL 1167263, at *4 (D.D.C. Mar. 26, 2021) (citing *United States v. Law*, 528 F.3d 888, 904 (D.C. Cir. 2008)). The government is incorrect that no such dispute exists in this case. Without divulging work-product information and recognizing that the defense has no burden to prove the constitutionality of the Search Warrant, there are, *at least*, the following disputed facts at issue:

1. Whether the government executed the search at the wrong house?
2. Whether the government obtained the four walkie-talkies at issue by opening a locked safe without a warrant?
3. Whether Mr. Johnson has a privacy interest in the phone associated with Person-1?

With the defense's Reply to the Gov't. Opp'n., the defense will file an Affidavit by Paul Johnson further amplifying the above-listed disputed facts which address "what was seized, how, when, or by whom." Gov't. Opp'n. at 3.

The government's instant Motion is the latest chapter in its attempt to delay when Mr. Johnson can address the substantive issues of his case in a public court. Tellingly, it has been approximately 224 days since Mr. Johnson was indicted on April 30, 2021. He has been repeatedly denied when requesting a trial with witnesses under the 70-Day Speedy Trial Act and the Sixth Amendment. To date, no trial date has been set. Now, the government is denying his request, under the Fourth Amendment, for a straight-forward suppression hearing with witnesses.

Dated: December 10, 2021                    Respectfully submitted,

*/s/*
_____
Kobie Flowers (Bar No. 991403)
BROWN GOLDSTEIN & LEVY, LLP
1717 K Street, NW, Suite 900
Washington, DC 20006
Tel: (202) 742-5969
Fax: (202) 742-5948
kflowers@browngold.com

Monica Basche (Bar No. MD0105)
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
mbasche@browngold.com

*Counsel for Paul Russell Johnson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading was served on all counsel of record via the Court's electronic filing service.

                                                */s/ Kobie Flowers*
                                                Kobie Flowers

Date: December 10, 2021