UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-332-PLF-1 |
| | : | |
| PAUL RUSSELL JOHNSON | : | |
| | : | |
| and | : | |
| | : | |
| STEPHEN CHASE RANDOLPH, | : | |
| | : | |
| Defendants. | : | |

### REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO CONVERT THE DECEMBER 14, 2021 HEARING FOR DEFENDANT PAUL RUSSELL JOHNSON'S MOTION TO SUPPRESS TO A STATUS CONFERENCE

The United States hereby files this Reply to its Motion to Convert the December 14, 2021 Motion Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference (hereinafter, "Motion to Convert Hearing"). ECF No. 64

Per the Court's December 9, 2021 Minute Order, the defendant today filed a Response to the Government's Motion to Convert Hearing (hereinafter, the "Response"). ECF No. 69. The defendant's Response further underscores why the hearing set for December 14, 2021 should be converted to a status conference.

The defendant has indicated in his Response that he intends to raise—for the first time in his reply brief—several arguments that he did not raise in his Motion to Suppress. *See* ECF No. 66, at 3. Specifically, the defendant did not argue in his Motion to Suppress that the FBI executed the search at the wrong house. To the contrary, the opening sentence of the defendant's Motion to Suppress claims that the FBI executed a search warrant at "his home." ECF No. 66, at 1. Moreover, had this been the case—that is, that the FBI searched the wrong home or even that the

FBI lacked probable cause to search the address listed on the search warrant—then surely the defendant should have raised these arguments in his opening brief.  Additionally, the defendant now claims for the first time that the walkie-talkies were seized from a locked safe.  The defendant's opening brief makes no mention of any safe, nor does it allege that the executing agents unlawfully opened a locked safe.  Finally, the defendant intends to submit an affidavit from the defendant in connection with his reply brief, presumably to try and remedy the standing issues that the Government discussed in its opposition—namely, that the defendant has failed to make any showing that he had a subjective expectation of privacy in Person-1's cell phone.

It is well-established that the defendant's new arguments for suppression are waived because he will have raised them for the first time in his reply brief.  *United States v. Ford*, 183 F. Supp. 3d 22, 38 (D.D.C. 2016) (Friedman, J.) ("These new bases for suppression are waived because Ford raised them for the first time in his reply brief." (citing *In re Asemani*, 455 F.3d 296, 300 (D.C. Cir. 2006) (finding argument "waived because it was made for the first time in his reply brief"); *Rollins Envtl. Servs. v. EPA*, 937 F.2d 649, 653 n.2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief."))).  But even if this Court were to entertain the defendant's new arguments for suppression, which it should not, the Government should at least be given an opportunity to respond to these arguments.

In sum, this Court should not countenance the defendant's attempt to sandbag the Government by raising new arguments for the first time in his reply brief.  Nor should this Court permit the defendant to question any witnesses until the government has had an opportunity to respond to his new suppression arguments, which will determine whether officer testimony is relevant, much less necessary, to the resolution of these issues.  Therefore, the Government

respectfully requests that this Court convert the December 14 motion hearing to a status conference.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ Hava Mirell*
HAVA MIRELL
Assistant United States Attorney, Detailee
CA Bar No. 311098
555 Fourth Street, N.W.
Washington, DC 20530
(213) 894-0717
Hava.Mirell@usdoj.gov

**Certificate of Service**

I hereby certify that on December 10, 2021, I caused a copy of the foregoing memorandum to be served on counsel of record via electronic filing.

                                              */s/ Hava Mirell*
                                              HAVA MIRELL
                                              Assistant United States Attorney