UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-0332 (PLF) |
| ) | |
| PAUL RUSSELL JOHNSON ) | |
| ) | |
| and ) | |
| ) | |
| STEPHEN CHASE RANDOLPH, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

The United States filed a Motion to Convert the December 14, 2021 Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference ("Mot. to Convert") [Dkt. No. 64]. In view of the "myriad issues raised in the parties' briefing thereto," the Court vacated the December 14 hearing and status conference for both defendants. See December 10, 2021 Minute Order. This Memorandum Opinion and Order provides the Court's reasoning in greater detail.

With the agreement of the parties, the Court had scheduled a motions hearing for oral argument on Mr. Johnson's Motion to Suppress Electronic Evidence or, in the Alternative, to Appoint a Special Master [Dkt. No. 66] for December 14, 2021. Order [Dkt. No. 53]. On December 9, 2021, the United States filed its motion to convert that motions hearing into a status conference. According to the government, Mr. Johnson served twelve subpoenas on the FBI on December 7, 2021, seeking the oral testimony of twelve FBI agents at the hearing. See Mot. to Convert at 1. In support of its motion to convert, the government argued that the subpoenas are

unreasonable and oppressive because a suppression hearing featuring oral testimony of any kind – let alone that of a dozen FBI agents – is unnecessary to resolve the issues raised in Mr. Johnson's motion to suppress. See id. at 2. In the government's view, there are no disputed material facts at issue. See id.

In his response to the motion to convert, Mr. Johnson argued that there are at least three disputed facts at issue in the motion to suppress: (1) whether the government executed the search warrant at the wrong address; (2) whether the government obtained the four walkie-talkies at issue by opening a locked safe without a warrant; and (3) whether Mr. Johnson has a privacy interest in his wife's phone. See Response in Opposition to Government's Motion to Convert the December 14, 2021 Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference [Dkt. No. 69] at 3; see also Reply in Support of Paul Russell Johnson's Motion to Suppress Electronic Evidence or, in the Alternative, to Appoint a Special Master [Dkt. No. 71] at 2-3, 6-8. As the United States notes, however, Mr. Johnson did not raise any of these bases for suppression of the seized evidence in his motion to suppress and instead raised them for the first time in his reply. See Reply in Support of Government's Motion to Convert the December 14, 2021 Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference [Dkt. No. 70] at 1-2.

"Generally, new arguments raised for the first time in reply may be disregarded due to concern that the opposing party would lose an opportunity to respond." United States v. Brown, 249 F. Supp. 3d 287, 295 n.1 (D.D.C. 2017) (internal quotation omitted). "Considering an argument advanced for the first time in a reply brief . . . is not only unfair to an [opposing party] but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." McBride v. Merrell Dow & Pharms., Inc., 800 F.2d 1208, 1211 (D.C. Cir. 1986)

(internal citation omitted). Typically, the Court would not consider Mr. Johnson's arguments raised for the first time in reply because they have been waived. See, e.g., United States v. Ford, 183 F. Supp. 3d 22, 38 (D.D.C. 2016) (citing In re Asemani, 455 F.3d 296, 300 (D.C. Cir. 2006)).

That being said, the new Fourth Amendment arguments raised by Mr. Johnson are important; they merit fuller briefing and careful consideration by the Court to assure that his constitutional rights are protected. Furthermore, the arguments he now makes do raise factual disputes that will require testimony in order for the Court to resolve Mr. Johnson's motion to suppress. The Court therefore will permit Mr. Johnson to file a supplemental brief addressing the additional legal and factual issues raised in his reply, including those three listed above, and permit the United States to respond.

Accordingly, it is hereby

ORDERED that the United States' Motion to Convert the December 14, 2021 Hearing for Defendant Paul Russell Johnson's Motion to Suppress to a Status Conference [Dkt. No. 64] is DENIED as moot; it is

FURTHER ORDERED that the parties shall meet and confer to agree on a briefing schedule for the additional issues raised in Mr. Johnson's Reply in Support of Paul Russell Johnson's Motion to Suppress Electronic Evidence or, in the Alternative, to Appoint a Special Master [Dkt. No. 71], and they shall also seek to agree on the number and names of witnesses required for an evidentiary hearing; it is

FURTHER ORDERED that they shall file a joint status report setting forth their agreements concerning the briefing schedule, proposed dates for an evidentiary hearing and legal argument on the motion to suppress, and the number and names of witnesses required; and it is

FURTHER ORDERED that Mr. Randolph shall contact the Courtroom Deputy Clerk Tanya Johnson (tanya_johnson@dcd.uscourts.gov) to schedule a status conference if he believes that one would be helpful.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/14/21